Edwards, J.
The defendant and Theodore E. Haslehurst were the acting executors of Gorton P. Cozzens, deceased, and Haslehurst was also the treasurer of the plaintiff, and, as such, the custodian of the bond in question. The defendant, on January 31, 1888, had, in his hands, upwards of $900 belonging to the estate, and on the application of his co-executor, Haslehurst, to him, for $900 of these moneys, an arrangement was made between them whereby the defendant then paid over to Haslehurst said $900, and took from him therefor the note of Haslehurst of that date, payable to the order of defendant as such executor, with the bond in suit as collateral. The bond was the property of the plaintiff from whose possession Haslehurst fraudulently transferred it, although without any actual knowledge of the defendant of such wrongful conversion. Haslehurst has died insolvent, and leaving the note unpaid. The defendant claims that the estate represented by him can hold the bond as collateral to the note. In support of his assertion he maintains that the bond being negotiable and not yet matured, a purchaser for value will be protected unless the purchase was made with notice of the seller’s defective title or in bad faith; that he owes no duty of vigilance to the owner of thepajier, and his title cannot be defeated or impaired by mere negligence in making the purchase. That an executor is answerable for the due administration of assets which comes into his possession, and is not responsible for the waste, negligence or other conduct of a co-executor in which he did not concur. He insists that these moneys of the estate being in his individual possession and he alone being responsible for the use of them, the loan must be regarded as made by himself individually to Haslehurst, and that the estate represented by him is entitled to the same protection as if the loan had been made to a stranger who had *204 delivered the bond as collateral to defendant. Of the accuracy of the defendant’s legal propositions in respect to the liability of an executor for the acts and defaults of his associate and in respect to the protection which the law affords to such paper in the hands of a bona fide holder there is not much room for doubt. But I incline to think that the defendant cannot properly invoke these principles for his protection in the case. If Haslehurst were not his co-executor, but rather a stranger to the estate, I think the defendant could hold the bond as against the plaintiff. But herein I think a distinction obtains. The $900 belonged to the estate. The defendant and Haslehurst, as executors, were the joint owners of it, and were equally entitled to its possession. Although it was in fact in the sole possession of the defendant, as executor, the executors together agreed that it should be transferred to Haslehurst, and that the estate should hold in the place of it the note of Haslehurst and the bond in question as collateral. The transaction was with the concurrence of the two executors; it was in fact their joint action. If the money had been loaned to a third person from whom a purloined bond had been taken as collateral, the executors acting together in making such a loan and taking such security, Haslehurst’s knowledge of the defective title to the bond would preclude the estate from holding it as against the real owner. The fact that the money loaned was in the individual possession of the defendant, who also took possession of the bond, would not relieve the title of the estate to the bond from its infirmity. Executors have a joint estate in the property of the decedent. They are considered in law as but one person, and notice to one is notice to all. It is difficult to see how the fact that the executors have made the loan to one of themselves takes the case out of the operation of the 23i'inciple. The defendant’s theory is that he alone as executor took and holds the bond, and that Haslehurst, so far as this transaction is concerned, was in law a stranger to the estate. If the defendant had subsequently died with the bond in his possession and Haslehurst were the sole surviving executor I apprehend that he would be a pro2)er 23erson to bring an action on the bond in case of its maturity and default, and the fact that such executor had 23urloined it would be an available defense.
I think the estate must be deemed to have taken the bond in suit with knowledge of the defect of title, and the defendant shdukl be adjudged to surrender it to the plaintiff.
Merritt & Evan, for ap23’lt; Smith & Parmenier, for res2)’t.
Landon, J.
Haslehurst knew that the bond belonged to the plaintiff, and not to himself. He and the defendant were executors of Cozzens. What he knew as an individual with respect to hia lack of title to the bond he could not help knowing as executor. Holden v. N. Y. & Erie Bank, 72 N. Y., 286. When he delivered the bond to liis co-executor, the defendant, whatever title was thereby conferred, was conferred upon himself and the defendant as co-executors, and with all the infirmity of which Haslehurst had knowledge. This results from their holding the *205 estate of their testator as joint tenants. 1 R. S., m. p., 727, § 44. The two are esteemed one person with respect to the title whereby they hold, Wheeler v. Wheeler, 9 Cow., 34, although each one is •only liable for his own acts. Ormiston v. Olcott, 84 N.Y., 339.
Whatever title the defendant has to the bond is in his right as executor, and he can have no better title than his co-tenant had. Whether he will be made personally liable to the estate for allowing Haslehurst to convert the money of the estate to his own use cannot be determined in this action.
Judgment affirmed, with costs.
Learned, P. J., and Mayham, J., concur.